# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-0485V
Filed: May 23, 2019
UNPUBLISHED

| | |
|---|---|
| JAYNE STOCKTON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On April 3, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus Diphtheria acellular Pertussis ("Td") vaccine administered in her right arm on November 1, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On May 1, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On May 22, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $55,214.29 (consisting of $55,000.00 for pain and suffering and $214.29 for past unreimbursed expenses). Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $<u>55,214.29</u> (consisting of $55,000.00 for pain and suffering and $214.29 for past unreimbursed expenses) in the form of a check payable to petitioner, <u>Jayne Stockton</u>.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JAYNE STOCKTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-485V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 3, 2018, Jayne Stockton ("petitioner") filed a petition for vaccine injury compensation alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as result of a DTaP vaccine administered on November 1, 2016.  On May 1, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  On the same day, the Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to compensation.  The case is now in damages.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $55,214.29, consisting of pain and suffering ($55,000.00) and past unreimbursed expenses ($214.29), which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### II.    Form of the Award

Respondent recommends that the compensation provided to petitioner be made through a

lump sum payment of $55,214.29 in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        /s/ Colleen C. Hartley
        COLLEEN C. HARTLEY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Phone: (202) 616-3644
        Fax:    (202) 353-2988

DATED:  May 22, 2019

---

[1]  Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.